UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---
YISROEL KATZOFF on behalf of himself and
all other similarly situated consumers

       Plaintiff,

-against-

THE RECEIVABLE MANAGEMENT SERVICES
CORPORATION

       Defendant.
---

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D N Y

★ APR 23 2012 ★

LONG ISLAND OFFICE

CV-12 1963

TOWNES, J.
REYES, JR, M.

SUMMONS ISSUED

### CLASS ACTION COMPLAINT

*Introduction*

1. Plaintiff Yisroel Katzoff seeks redress for the illegal practices of The Receivable Management Services Corporation concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

*Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to Expedia Credit Services.

-1-

for failing to indicate that the messages were from a debt collector which constitutes a deceptive practice.

15. On or about May 30, 2011 defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

16. The said May 30, 2011 was not the initial letter sent to the plaintiff.

17. In the said May 30, 2011 letter sent to the plaintiff the defendant stated in pertinent part as follows: "**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT US AT THE ABOVE PHONE NUMBER. HOWEVER IF YOU ARE DISPUTING THIS ACCOUNT, PLEASE REFER TO THE NOTICE ON THE REVERSE SIDE OF THIS LETTER**" (emphases added).

18. The defendant did not set forth such notice on the reverse side of the letter.

19. Consequently said communication is false, deceptive, and misleading.

20. Such a statement is objectively false.

21. The least sophisticated consumer could read this letter to mean that the Defendant is going to provide a dispute notice or dispute rights or a way to dispute the account on the reverse side of the letter. The defendant's letter fails to disclose to consumers anything at all in regards to a consumer wanting to dispute his account. Mendez v. M.R.S. Assocs., No. 03 C 6753, 2005 U.S. Dist. LEXIS 13705, at *13 (N.D. Ill. June 27, 2005) (A person can dispute a debt for "a good reason, a bad reason, or no reason at all") The FDCPA allows the consumer to orally dispute a debt. Brady v. The Credit Recovery Company, Inc., 160 F.3d 64 (1st Cir. 1998). The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector,

regardless of the passage of time <u>Whitten v. ARS National Servs. Inc.</u>, 2002 WL 1050320 *4 (N.D. 111. May 23, 2002) (imposing a requirement that a consumer have a 'valid' reason to dispute the debt is inconsistent with FDCPA)

22. Since in fact on the reverse side of this letter RMS provided no information at all in regards to disputing the debt the least sophisticated consumer could read this letter to mean that he can **only** call the phone number RMS provided if he has questions as opposed to calling the said phone number to dispute the debt on the phone.

The statement, "<u>IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT US AT THE ABOVE PHONE NUMBER. **HOWEVER** IF YOU ARE DISPUTING THIS ACCOUNT, PLEASE REFER TO THE NOTICE ON THE REVERSE SIDE OF THIS LETTER</u>" (EMPHASIS ADDED) would lead the least sophisticated consumer to think that he cannot orally dispute his debt.

See. <u>Camacho v. Bridgeport Fin. Inc.</u>, 430 F.3d 1078 (9th Cir. 2005). The consumer can dispute the debt's validity in writing or orally, under § 1692g(a)(3). In reaching this conclusion, the Ninth Circuit noted that there are at least three other FDCPA provisions only requiring oral notice by the consumer.

See. <u>Campuzano-Burgos v. Midland Credit Mgmt., Inc.</u>, 550 F.3d 294 (3d Cir. 2008). (The court summarized the law of deception under the least sophisticated consumer standard: A communication is deceptive for purposes of the Act if: ''it can be reasonably read to have two or more different meanings, one of which is inaccurate". This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor) <u>Dutterer v. Thomas</u>

Kalperis Int'l, Inc., 2011 WL 382575 (E.D. Pa.Feb. 4, 2011). (A notice that could be "reasonably read to have two or more different meanings, one of which is inaccurate," is considered deceptive.) Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008). (It is a remedial statute that we 'construe . . . broadly, so as to affect its purpose.' " Communications are to be analyzed under the least sophisticated debtor standard. A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.) Smith v. Harrison., 2008 WL 2704825 (D.N.J. July 7, 2008). (A debt collection letter "is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate.") Brown v. Card Serv. Ctr., 464 F.3d 450 (3d Cir. 2006). FDCPA is remedial, strict liability statute to be liberally construed. Communications from collectors to debtors are analyzed from the perspective of the least sophisticated consumer. A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate. Holmes v. Mann Bracken, L.L.C., 2009 WL 5184485 (E.D. Pa.Dec. 22, 2009). Where defendant sent the communication knowing that the contents could be "deceptive" because such communication could have "two or more different meanings, one of which is inaccurate," the court denied defendant's motion for summary judgment. The Defendant's letter could mislead the least sophisticated consumer into believing that he must read some notice before he disputes a debt.

23. The said letter violates 15 U.S.C. § 1692e, and e(10), by falsely representing that RMS would give the debtor his dispute rights on the reverse side of the letter.

24. The statement, "**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT US AT**

**THE ABOVE PHONE NUMBER. HOWEVER IF YOU ARE DISPUTING THIS ACCOUNT, PLEASE REFER TO THE NOTICE ON THE REVERSE SIDE OF THIS LETTER**" refers to a nonexistent notice on the reverse side of this letter would confuse the least sophisticated consumers understanding of his legal timeless right to a dispute a debt and such a statement is false confusing "legal gibberish."

25. A debtor does not have to refer to any notice in order to dispute a debt.

26. TThe least sophisticated consumer would be confused or think he has no right to dispute the debt at hand as the reverse side of said letter had notices referring to other rights a consumer has but no notice of a consumer's dispute rights were on the reverse side of the letter. Once the initial communication is sent with the validation notice a debt collector has no duty to inform a debtor of any dispute rights at all and it is unfair to confuse and mislead the least sophisticated consumer of his dispute rights.

27. The Defendant's letter gives consumers objectively false and deceptive legal advice.

28. The Defendant's actions as described herein are also unfair and unconscionable in violation of 15 U.S.C. § 1692f; as well as harassing and abusive in violation of 15 U.S.C. § 1692d.

29. The said letter violates 15 U.S.C. § 1692e, and e(10), by falsely representing that the debtor needs to read or refer to some notice if he wants to dispute a debt.

30. The Defendant voluntarily chooses to give the false confusing legal dispute advice found in the letter attached hereto.

31. No federal law or regulation obligates the Defendant to include the notice regarding a debtors dispute rights in their follow up collection letters.

32. It is false and deceptive for the Defendant to give erroneous and/or incomplete legal advice to consumers regarding disputing a debt.

33. If the defendant never planned on giving any information how to dispute a account then the said statement " **IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT US AT THE ABOVE PHONE NUMBER. HOWEVER IF YOU ARE DISPUTING THIS ACCOUNT, PLEASE REFER TO THE NOTICE ON THE REVERSE SIDE OF THIS LETTER "** is false deceptive misleading, unfair, harassing, and unconscionable especially since a debt collector has no duty **at all to give any** information to a debtor regarding disputing a debt once the initial validation notice is sent.

34. Credit reporting constitutes an attempt to collect a debt. See, e.g., Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); Matter of Sommersdorf, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd.,973 F.Supp. 1320, 1331 (D.Utah 1997).

35. RMS as a matter of pattern and practice try to mislead and discourage debtors (with false misleading dispute information) from disputing debts by using this "powerful credit reporting tool, designed, to wrench compliance with payment terms from the debtors through confusing a debtor of his dispute rights. But see Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002). (The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt). Hence no dispute notice should be given to a debtor other then letting the debtor know that "The FDCPA

does not require the consumer to provide any reason at all in order to dispute a debt"

See . Robertson v. Richard J. Boudreau & Assocs., L.L.C., 2009 WL 5108479 (N.D. Cal. Dec. 18, 2009). (Debt collectors notice violated the FDCPA by implying in one paragraph that the consumer had no right to dispute the debt and then attempted to cure that violation in the next paragraph by stating that the consumer had such a right) Foresberg v. Fidelity Nat'l Credit Servs., Ltd., 2004 WL 3510771 (S.D. Cal. Feb. 26, 2004).(The collector's instruction's with regard to a debtors dispute request unlawfully confused the least sophisticated consumer that a external requirement existed in order to lodge a dispute.) Whitten v. ARS Nat'l Servs., Inc., 2002 U.S. Dist. LEXIS 9385 (N.D. Ill. May 23, 2002). (The FDCPA was violated because the collection letter on its face impermissibly imposed a requirement to dispute a debt) Whitten v. ARS Nat'l Servs., Inc., 2002 U.S. Dist. LEXIS 9385 (N.D. Ill. May 23, 2002).(Court affirmed prior ruling and held that that the letter violated the FDCPA because the additional requirement juxtaposed with the statutory right to dispute a debt, created more than the mere potential for confusion and was as bad as an outright contradiction or inconsistency.)

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff Yisroel Katzoff on behalf of himself and the members of a class, as against the defendant.*

36. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-35 as if set forth fully in this cause of action.

37. This cause of action is brought on behalf of plaintiff and the members of two classes.

38. Class A consists of all persons whom Defendant's records reflect resided in New York who received telephonic messages from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone messages were placed without setting forth that the communication was from a debt collector; and (c) that the telephone messages were in violation 15 U.S.C. 1692 §§ 1692e(10) and 1692e(11).

39. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letters sent to the plaintiff on or about May 30, 2011; (b) the collection letter was sent to a consumer seeking payment of a personal debt owed to Expedia Credit Services; and (c) the collection letter was not returned by the postal service as undelivered, (d) and the plaintiff asserts that the letter contained violations of 15 U.S.C. § 1692e(3), 1692e(5) 1692e(10), and 1692g.

40. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that telephonic messages and collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the telephonic messages, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

41. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

42. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

43. Telephonic messages, such as those left by the defendant and collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## *Violations of the Fair Debt Collection Practices Act*

44. The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

45. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against the defendant and award damages as follows:

    (a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
April 19, 2012

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)

# Collection Notice

**R·M·S**
Receivable Management Services

4836 Brecksville Rd.
P.O. Box 523
Richfield OH 44286

389425315

Phone: 800-365-2743

\*150R230100012401\*
yisroel katzoff
687 LEFFERTS AVE
BROOKLYN NY 11203-1008

May 30, 2011

Re: Expedia Credit Services
Claim amt: $1,614.37
Claim No: 389425315-BP
Ref. No: 199688936
LD4R

Your check in payment of this account has not been received.

Claimant has indicated that they have granted you a liberal extension of time. Therefore, you are being given an opportunity to pay this account.

If you have any questions, please contact us at the above phone number. However, if you are disputing this account, please refer to the notice on the reverse side of this letter.

Sincerely,

Lisa Heyl
800-365-2743

Please consider this as notice that if payment is made by consumer check we will convert this check to an electronic debit to your account via ACH and if the check is returned NSF, we will represent the check via ACH debit.

New York Collection Agency Permit # 1251252

**IMPORTANT: REFER TO CLAIM NUMBER IN ALL COMMUNICATIONS**
**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**
**WE ARE ACTING AS A DEBT COLLECTOR. THIS LETTER IS AN ATTEMPT TO COLLECT THIS DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

# IMPORTANT INFORMATION

We are required under state law to give you the following notices, and those that may appear on the front of this letter, some of which refer to rights you also have under federal law. This list does not contain a complete list of the rights which consumers or commercial businesses have under state and federal law. Note that notices that apply in the specified states:

| STATE | APPLICABLE NOTICE |
|---|---|
| California | The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. |
| Colorado (consumers only) | FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. |
| Massachusetts | Massachusetts requires us to give the following notice, however, all consumers have these or similar rights under federal law: NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR. |

Please contact us at the address noted on the front of this form.
Office Hours: 8:00 a.m. – 5:00 p.m. EST. Monday through Friday.



R·M·S

# Collection Notice

*150R230100012402*

05/30/2011

Expedia Credit Services     yisroel katzoff

CLAIM NO:     389425315-BP     AMOUNT DUE:     $1,614.37

DETAIL NUMBER     SERVICE DATE     AMOUNT

182531     07-20-2010     $1,614.37

## IMPORTANT INFORMATION

We are required under state law to give you the following notices, and those that may appear on the front of this letter, some of which refer to rights you also have under federal law. This list does not contain a complete list of the rights which consumers or commercial businesses have under state and federal law. Note that notices that apply in the specified states:

| STATE | APPLICABLE NOTICE |
|---|---|
| California | The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. |
| Colorado (consumers only) | FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. |
| Massachusetts | Massachusetts requires us to give the following notice, however, all consumers have these or similar rights under federal law: NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR. |

Please contact us at the address noted on the front of this form.
Office Hours: 8:00 a.m. – 5:00 p.m. EST. Monday through Friday.