UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
YISROEL KATZOFF, on behalf of himself                    Case No.: CV-12-1963
and all others similarly situated,

                                                                                           **ANSWER**

                                      Plaintiff,

        -against-

THE RECEIVABLE MANAGEMENT SERVICES
CORPORATION,

                                      Defendant.
---------------------------------------------------------------------------X

       Defendant, The Receivable Management Services Corporation ("RMS"), by its attorneys Hitchcock & Cummings, LLP, as and for its answer to the complaint herein, alleges upon information and belief as follows:

## INTRODUCTION

       1.     Denies the allegations contained in paragraph 1 of the complaint, and respectfully refers all questions of law to the Court.

## PARTIES

       2.     Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the complaint.

       3.     Denies the allegations contained in paragraph 3 of the complaint, and respectfully refers all questions of law to the Court, except admits that RMS attempted to collect a debt from plaintiff.

       4.     Denies the allegations contained in paragraph 4 of the complaint, except admits that RMS maintains an office in Richfield, Ohio.

       5.     Denies the allegations contained in paragraph 5 of the complaint, except admits that RMS' business includes collection of debts.

6. Denies the allegations contained in paragraph 6 of the complaint, and respectfully refers all questions of law to the Court.

## JURISDICTION AND VENUE

7. Denies the allegations contained in paragraph 7 of the complaint, and respectfully refers all questions of law to the Court.

8. Denies the allegations contained in paragraph 8 of the complaint, and respectfully refers all questions of law to the Court.

## ALLEGATIONS PARTICULAR TO YISROEL KATZOFF

9. Denies the allegations contained in paragraph 9 of the complaint, but admits that RMS attempted to collect a debt from plaintiff.

10. Denies the allegations contained in paragraph 10 of the complaint.

11. Denies the allegations contained in paragraph 11 of the complaint.

12. Denies the allegations contained in paragraph 12 of the complaint, except admit that messages were scripted.

13. Denies the allegations contained in paragraph 13 of the complaint.

14. Denies the allegations contained in paragraph 14 of the complaint, and respectfully refers all questions of law to the Court.

15. Admits the allegations contained in paragraph 15 of the complaint, but denies knowledge or information sufficient to form a belief as to whether the debt was incurred for personal purposes, and respectfully refer to the letter for its contents.

16. Admits the allegations contained in paragraph 16 of the complaint.

17. Denies the allegations contained in paragraph 17 of the complaint, and respectfully refers to the letter for its contents.

18. Denies the allegations contained in paragraph 18 of the complaint.

19. Denies the allegations contained in paragraph 19 of the complaint.

20. Denies the allegations contained in paragraph 20 of the complaint.

21. Denies the allegations contained in paragraph 21 of the complaint, and respectfully refer all questions of law to the Court.

22. Denies the allegations contained in paragraph 22 of the complaint, and respectfully refer all questions of law to the Court.

23. Denies the allegations contained in paragraph 23 of the complaint, and respectfully refer all questions of law to the Court.

24. Denies the allegations contained in paragraph 24 of the complaint.

25. The allegations in paragraph 25 of the complaint do not allege any facts, and therefore do not require an admission or denial, and further respectfully refers all questions of law to the Court.

26. Denies the allegations contained in paragraph 26 of the complaint.

27. Denies the allegations contained in paragraph 27 of the complaint.

28. Denies the allegations contained in paragraph 28 of the complaint, and respectfully refers all questions of law to the Court.

29. Denies the allegations contained in paragraph 29 of the complaint, and respectfully refers al questions of law to the Court.

30. Denies the allegations contained in paragraph 30 of the complaint.

31. Denies the allegations contained in paragraph 31 of the complaint, and respectfully refers all questions of law to the Court.

32. Denies the allegations contained in paragraph 32 of the complaint.

33. Denies the allegations contained in paragraph 33 of the complaint.

34. Denies the allegations contained in paragraph 34 of the complaint, and respectfully refers all questions of law to the Court.

35. Denies the allegations contained in paragraph 35 of the complaint, and respectfully refers all questions of law to the Court.

## FIRST CAUSE OF ACTION

36. In response to the paragraph 36 of the complaint, RMS repeats and realleges each and every response to the allegations of the complaint as contained in paragraphs 1 through 35 as if more fully set forth herein.

37. Denies the allegations contained in paragraph 37 of the complaint, and respectfully refers all questions of law to the Court.

38. The allegations contained in paragraph 38 of the complaint do not allege facts, and therefore require neither an admission nor denial, and further respectfully refers all questions of law to the Court.

39. The allegations contained in paragraph 39 of the complaint do not allege facts, and therefore require neither an admission nor denial, and further respectfully refers all questions of law to the Court.

40. Denies the allegations contained in paragraph 40 of the complaint, and all of its subparts.

41. Denies the allegations contained in paragraph 41 of the complaint.

42. The allegations contained in paragraph 42 of the complaint do not allege facts, and, therefore, require neither an admission nor denial, and further respectfully refers all questions of law to the Court.

43. Denies the allegations contained in paragraph 43 of the complaint.

44. Denies the allegations contained in paragraph 44 of the complaint.

45. Denies the allegations contained in paragraph 45 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

46. Plaintiff's complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

47. The complaint's class action allegations, and each purported cause of action brought on behalf of a class of putative plaintiffs therein, fail to state facts sufficient to establish an ascertainable class and a substantial benefit to the parties and the Court sufficient to maintain a class action. This action also may not properly be maintained as a class action because (a) the named plaintiff will not fairly and adequately protect the interests of the putative class, (b) common issues of law and fact, if any, do not predominate over individual issues, and (c) a class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

## THIRD AFFIRMATIVE DEFENSE

48. RMS' conduct is not the actual or proximate cause of plaintiff's alleged injury.

## FOURTH AFFIRMATIVE DEFENSE

49. RMS' alleged conduct was not intentional and was the result of a bona fide error.

## FIFTH AFFIRMATIVE DEFENSE

50. The alleged communications do not constitute unfair tactics in an attempt to collect a debt and does not contradict plaintiff's rights.

## SIXTH AFFIRMATIVE DEFENSE

51. The alleged communications do not constitute deceptive practices.

## SEVENTH AFFIRMATIVE DEFENSE

52. Plaintiff's claims are barred by the applicable statute of limitations.

**WHEREFORE**, RMS demands judgment dismissing the complaint as against it, together with the costs and disbursements of this action, including attorneys' fees, as well as any further relief as this Court deems just and proper.

Dated: New York, New York
June 21, 2012

        HITCHCOCK & CUMMINGS, LLP

        By: *S/ Christopher B. Hitchcock /*
        Christopher B. Hitchcock (CH7689)
        Attorneys for Defendant
        *The Receivable Management Services Corporation*
        120 West 45th Street, Suite 405
        New York, New York 10036
        (212) 688-3025

**TO:** **ADAM J. FISHBEIN, P.C.**
*Attorney for Plaintiff*
483 Chestnut Street
Cedarhurst, New York 11516